IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

2011 OCT 11 AM 10: 02

CLERK R. Ouk
SO. DIST. OF GA.

KEANNON L. WYCKOFF,

Plaintiff,

v.

CIVIL ACTION NO.: CV611-099

JOHN R. TURNER, Judge; TONY
MAY; TOM WOODRUM; KEVIN
WATERS; and LYNN MILTON,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Keannon Wyckoff ("Plaintiff"), an inmate currently incarcerated at Hancock State Prison in Sparta, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. A district court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that: (1) the DNA samples collected while he was housed at Ware State Prison and used to convict him were illegally seized from him, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution; (2) once obtained, the DNA evidence was improperly handled due to a break in the chain of custody of the DNA, resulting in a violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution; and (3) a miscarriage of justice occurred during his trial when Defendant Waters provided untruthful testimony, which Plaintiff was not allowed to rebut in the manner he chose. (Doc. No. 1, pp. 6–7). Plaintiff asks this Court to vacate his conviction. (Doc. No. 1, p. 8). He also asks that "Defendant's [sic] be held countable [sic] for a miscarriage of justice[.]" Id.

2

In general, the distinction between claims which may be brought under § 1983 and those which must be brought as habeas petitions is reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being exposed to an excessive amount of force, are § 1983 actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In other words,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486–87. The relief Plaintiff seeks would require an invalidation of his conviction.

AO 72A
(Rev. 8/82)

Plaintiff first asks this Court to vacate his conviction. Such a request clearly falls within the realm of a habeas petition as opposed to an action under § 1983. Second, Plaintiff asks this Court to hold the Defendants accountable for their actions that allegedly violated Plaintiff's constitutional rights. Any decision regarding the lawfulness or unlawfulness of the Defendants' actions with regard to the DNA samples and the alleged untruthful trial testimony will necessarily implicate the validity of Plaintiff's conviction. For that reason, Plaintiff's second request also must be brought in a habeas corpus petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 11th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE