IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KEANNON L. WYCKOFF,

        Plaintiff,

v.                                             CIVIL ACTION NO.: CV611-099

JOHN R. TURNER, Judge; TONY
MAY; TOM WOODRUM; KEVIN
WATERS; and LYNN MILTON,

        Defendants.

## ORDER

Plaintiff Keannon Wyckoff ("Plaintiff") filed an Objection to the Magistrate Judge's Report dated October 11, 2011, which recommended that Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, be dismissed. In his Objection, Plaintiff argues that "challenging [ ] illegal procedures is always cognizable under [§] 1983" and cites Heck v. Humphrey, 512 U.S. 477 (1994). (Doc. No. 12, p. 4).

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. As discussed in Heck, and in the Magistrate Judge's Report,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486–87.

Plaintiff's first requested relief, for his conviction to be vacated, is clearly a request that should be brought in a habeas petition. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck, 512 U.S. 477. Plaintiff's second request for relief, for Defendants to be held accountable for their use of allegedly illegal procedures that allegedly violated Plaintiff's constitutional rights, should also be brought in a habeas petition. As the Magistrate Judge noted, "[a]ny decision regarding the lawfulness or unlawfulness of the Defendants' actions with regard to the DNA samples and the alleged untruthful trial testimony will necessarily implicate the validity of Plaintiff's conviction." (Doc. No. 7, p. 4). As a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction, Plaintiff's Complaint must be dismissed unless he can show that his conviction has been invalidated. Heck, 512 U.S. 486–87. Plaintiff has not shown that his conviction has been invalidated; therefore, his claim for damages under § 1983 is not cognizable. Id.

Wyckoff's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate

Judge is adopted as the Opinion of the Court. Wyckoff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 14 day of December, 2011.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA